**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

JUAN CARLOS GIL, an individual,
PAUL MARTINEZ, an individual,
and
ACCESS 4 ALL, INC., a Florida Not-for-Profit Corporation,

CASE: 1:26-cv-1559 (AMN/PJE)

Plaintiffs,
v.

J. SWAMINARAYAN, INC., a New York Corporation, and CHOICE HOTELS INTERNATIONAL, INC., a Delaware Corporation.

Defendants.
_______________________________________/

**COMPLAINT**

Plaintiffs, JUAN CARLOS GIL, an individual, PAUL MARTINEZ, an individual, and ACCESS 4 ALL, INC., a Florida Not-for-Profit Corporation, on behalf of themselves and all other persons similarly situated (collectively hereinafter "Plaintiffs"), hereby sue, J. SWAMINARAYAN, INC., a New York Corporation, and CHOICE HOTELS INTERNATIONAL, INC., a Delaware Corporation, (collectively hereafter "Defendants") and as grounds allege:

JURISDICTION AND VENUE

1. The Court has original jurisdiction over Plaintiffs' claims arising under 42 U.S.C. § 12181, *et seq*. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202,

and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, *et seq*.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 36.202, 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, *et seq*.

4. Plaintiff, JUAN CARLOS GIL, is an individual over eighteen years of age, who resides in Florida and is otherwise sui juris. Plaintiff, JUAN CARLOS GIL, is a member of the Not-for-profit Corporation, ACCESS 4 ALL, INC.

5. Plaintiff, JUAN CARLOS GIL, is "disabled" and has at all times herein suffered from a "qualified disability" as defined by the ADA.

6. Plaintiff, PAUL MARTINEZ, is an individual over eighteen years of age, who resides in Florida and is otherwise sui juris. Plaintiff, PAUL MARTINEZ, is a member of the Not-for-profit Corporation, ACCESS 4 ALL, INC.

7. Plaintiff, PAUL MARTINEZ, is "disabled" and has at all times herein suffered from a "qualified disability" as defined by the ADA.

8. Plaintiff, ACCESS 4 ALL, INC, is a Florida Not-for-profit Corporation, formed under the laws of Florida, and maintains its principal office in Miami-Dade County, Florida. Members of its organization include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities to be protected from discrimination by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. ACCESS 4 ALL, INC and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendants'

discrimination until the Defendants are compelled to comply with the requirements of the ADA. One or more of its members has suffered an injury that would allow it to bring suit in its own right. ACCESS 4 ALL, INC has also been discriminated against because of its association with its disabled members and their claims.

9. At all times material, Defendant, J. SWAMINARAYAN, INC., was and is a New York Corporation located in New York and doing business in the State of New York, owning and operating a hotel in the State of New York, and deriving substantial revenue from the State.

10. At all times material, Defendant, J. SWAMINARAYAN, INC., owned, leased, and/or operated the Commercial Property located at 1632 Central Avenue, Albany, NY 12205 (hereinafter "Commercial Property") operated as "Quality Inn".

11. At all times material, Defendant, CHOICE HOTELS INTERNATIONAL, INC., was and is a Delaware Corporation doing business in the State of New York, owning and operating a hotel in the State of New York, and deriving substantial revenue from the State.

12. At all times material, Defendant, CHOICE HOTELS INTERNATIONAL, INC., owned, leased, and/or operated the Commercial Property located at 1632 Central Avenue, Albany, NY 12205, operated as "Quality Inn".

13. Venue is properly located in the Northern District of New York pursuant to 28 U.S.C.A. § 1391(b) in that all events giving rise to this lawsuit occurred in Albany, New York.

14. Defendants' Commercial Property at issue in this matter and the business therein are located in and around the Albany County area. The Defendants regularly conduct business within Albany County area, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Albany County area.

<u>FACTUAL ALLEGATIONS</u>

15. Plaintiff, JUAN CARLOS GIL, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff, JUAN CARLOS GIL, is an advocate for the rights of blind and wheelchair bound disabled individuals (like himself). Plaintiff travels around the U.S. and internationally, including but not limited to events aimed at, or geared toward, people with disabilities. Plaintiff, Gil, is also an active member of the National Federation of the Blind and on the board of directors for Access. As such, he actively promotes both groups and addresses the needs of active and prospective members of both organizations and the disabled community at large, on his travels.

16. Plaintiffs visited the Commercial Property from June 5, 2026 through June 6, 2026 and encountered the barriers to access described herein. The Plaintiffs, were in Albany for the Belmont Stakes Racing event and chose to stay at the Commercial Property because it advertised accessible accommodations.

17. Plaintiffs intend to return to the Commercial Property on December 2026 for events scheduled at the Saratoga Performing Arts Center.

18. Defendants have discriminated against Plaintiffs by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property as prohibited by 42 U.S.C. § 12182, et seq.

19. Defendants have discriminated, and continue to discriminate, against Plaintiffs in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992. A list of the violations that Plaintiffs encountered during their visits to Defendants' Commercial Property includes, but is not limited to, the following specific defect violations of the ADA:

A. Parking and Exterior Routes

i. The routes to the site arrival points are inaccessible, violating § 206 of the 2010 ADA Standards for Accessible Design.

ii. The inaccessible entrances lack the required directional signage, violating § 216 of the 2010 ADA Standards for Accessible Design. The lack of directional signage restricts Plaintiffs from maneuvering within the parking area.

iii. The guest entrances lack the maneuvering clearance required to enter, violating § 404.2.4 of the 2010 ADA Standards for Accessible Design. The lack of clearance restricts Plaintiffs from maneuvering within the parking area.

iv. The minimum required accessible parking spaces are not provided, violating § 208 of the 2010 ADA Standards for Accessible Design. The improper layout restricts Plaintiffs from maneuvering within the parking area.

v. The access aisles contain widths less than forty-eight inches, violating § 502.3 of the 2010 ADA Standards for Accessible Design. The lack of proper clearance restricts Plaintiffs from maneuvering within the parking area.

vi. Parking spaces are provided without access aisles, violating § 502.3 of the 2010 ADA Standards for Accessible Design. The lack of access aisles restricts Plaintiffs from maneuvering within the parking area.

vii. The curb ramps protrude into the access aisles, violating § 502.4 of the 2010 ADA Standards for Accessible Design. The improper layout restricts Plaintiffs from maneuvering within the parking area.

viii. The curb ramps contain slopes greater than twelve percent, violating §§ 405.2 and 406 of the 2010 ADA Standards for Accessible Design. The excessive slope restricts Plaintiffs from maneuvering within the parking area.

ix. The signs are mounted at a height greater than sixty inches above the finished floor, violating § 502.6 of the 2010 ADA Standards for Accessible Design. The excessive height restricts Plaintiffs from maneuvering within the parking area.

x. The routes contain changes in level greater than three-quarters of an inch vertically, violating §§ 303 and 403.4 of the 2010 ADA Standards for Accessible Design.

B. Access to Goods and Services

i. The dining and work surfaces lack the required toe clearance, violating §§ 902 and 306 of the 2010 ADA Standards for Accessible Design. The improper clearance impedes Plaintiffs' access to the dining areas.

ii. The routes contain a clear width reduced to less than thirty-two inches, violating § 403.5 of the 2010 ADA Standards for Accessible Design. The improper clearance impedes Plaintiffs' access to the dining areas.

iii. The doors to the pool and exercise room lack the maneuvering clearance required to enter, violating § 404.2.4 of the 2010 ADA Standards for Accessible Design. The improper clearance impedes Plaintiffs' access to the pool area.

iv. The inaccessible entrances lack the required directional signage, violating § 216 of the 2010 ADA Standards for Accessible Design.

C. Restrooms

i. The door contains inoperable parts, violating §§ 309 and 404 of the 2010 ADA Standards for Accessible Design. The inoperable hardware impedes Plaintiffs' access to the restrooms.

ii. The grab bars are improperly located and are mounted at a height greater than thirty-six inches above the finished floor, violating § 604.5 of the 2010 ADA Standards for Accessible Design. The improper hardware impedes Plaintiffs' access to the restrooms.

iii. The rear grab bar is improperly installed, violating § 604.5 of the 2010 ADA Standards for Accessible Design. The improperly installed hardware impedes Plaintiffs' access to the restrooms.

iv. The mirror is set at a height greater than forty-six inches above the finished floor, violating § 603.3 of the 2010 ADA Standards for Accessible Design. The excessive height impedes Plaintiffs' access to the restrooms.

v. The sink lacks the required knee and toe clearance, violating §§ 606.2 and 306 of the 2010 ADA Standards for Accessible Design. The lack of knee and toe clearance impedes Plaintiffs' access to the restrooms.

vi. The sink is mounted at a height greater than thirty-four inches above the finished floor, violating § 606.3 of the 2010 ADA Standards for Accessible Design. The excessive height impedes Plaintiffs' access to the restrooms.

vii. The water closet contains a clearance less than forty-one inches, violating § 604.3 of the 2010 ADA Standards for Accessible Design. The low clearance impedes Plaintiffs' access to the restrooms.

D. <u>Hotel Guestroom</u>

i. The latch side clearance to exit is less than eight inches, violating § 404.2.4 of the 2010 ADA Standards for Accessible Design. The improper latch clearance restricts Plaintiffs' access to the guestroom.

ii. The bathroom door lacks the maneuvering clearance required to exit, violating § 404.2.4 of the 2010 ADA Standards for Accessible Design. The lack of clearance restricts Plaintiffs' access to the guestroom.

iii. The path of travel contains a clear width less than thirty-six inches, violating § 403.5 of the 2010 ADA Standards for Accessible Design. The low clearance restricts Plaintiffs' access to the guestroom.

iv. The water closet contains a clearance less than thirty-six inches, violating § 604.3 of the 2010 ADA Standards for Accessible Design. The lack of clearance restricts Plaintiffs' access to the guestroom.

v. The grab bars are improperly installed, violating § 604.5 of the 2010 ADA Standards for Accessible Design. The improperly installed grab bars restrict Plaintiffs' access to the guestroom.

vi. The sink lacks the required knee clearance, violating §§ 606.2 and 306 of the 2010 ADA Standards for Accessible Design. The lack of clearance restricts Plaintiffs' access to the restroom.

vii. The sink pipes lack proper insulation, violating § 606.5 of the 2010 ADA Standards for Accessible Design. The lack of insulation restricts Plaintiffs' access to the restroom.

viii. The roll-in shower contains an inaccessible design, violating §§ 806.2.4, 608.2, 608.4 and 608.5 of the 2010 ADA Standards for Accessible Design.

20. Plaintiffs are without adequate remedy at law and are suffering irreparable harm. Plaintiffs have retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and/or 28 CFR 36.505.

**COUNT I – ADA VIOLATIONS**

21. Plaintiffs adopt and re-allege the allegations set forth in paragraphs 1 through 20 above as though fully set forth herein.

22. The discriminatory violations described in this Complaint are not an exclusive list of Defendants' ADA violations. Plaintiffs request an inspection of Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiffs further request to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiffs from further ingress, use, and equal enjoyment of the Commercial Property and the business(es) therein; Plaintiffs request to be physically present at such inspection in conjunction with Rule 34 and timely notice.

23. The Plaintiffs, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs, and activities offered by Defendants' Commercial Property and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above. The Plaintiffs, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiffs require an

inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

24. Defendants have discriminated against the Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendants continues to discriminate against Plaintiffs, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

25. Plaintiffs are without adequate remedy at law, will suffer irreparable harm, and have a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiffs. Plaintiffs have retained the undersigned counsel and are entitled to recover attorneys' fees, costs, and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

26. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiffs require an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

27. Notice to Defendants are not required as a result of the Defendants' failure to cure the violations by January 26, 1992. All other conditions precedent have been met by Plaintiffs or waived by Defendants.

28. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs' Injunctive Relief, including an order to alter the property where Defendants operate their business(es) located within the Commercial Property, the interiors, exterior areas, and the common exterior areas of the Commercial Property to make those facilities readily accessible and useable to the Plaintiffs and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure their violations of the ADA.

**WHEREFORE**, the Plaintiffs respectfully request the Court:

a. Issue a Declaratory Judgment determining Defendants, at the commencement of the subject lawsuit, were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181.

b. Issue injunctive relief against Defendants, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services;

c. Grant an award of attorneys' fees, costs, and litigation expenses pursuant to 42

U.S.C. § 12205.

d. Grant such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

**COUNT II – VIOLATIONS OF 28 C.F.R. SECTION 36.302(e)(1)**

29. Plaintiffs incorporate and reallege paragraphs 1 through 20 as though set forth fully herein.

30. This is an action for violations of 28 C.F.R. Section 36.302(e)(1).

31. More specifically, 28 C.F.R. Section 36.302(e)(1) imposes the following requirement: Reservations made by places of lodging. A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party -

(i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;

(ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;

(iii) Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;

(iv) Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations

systems; and

(v) Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others. These regulations became effective March 15, 2012.

32. Defendants own, operate, control and/or maintain a website for the Commercial Property, and/or manages listings and provide information to third party site, which contain an online reservations systems for the Commercial Property. This website is located at: https://www.choicehotels.com/new-york/albany/quality-inn-hotels/ny120?mc=llgoxxpx.

33. The purpose of this website is so that members of the public may reserve guest accommodations and review information pertaining to the goods, services, features, facilities, benefits, advantages, and accommodations of the Commercial Property. As such, this website is subject to the requirements of 28 C.F.R. Section 36.302(e).

34. Prior to the commencement of this lawsuit, Plaintiffs visited the Defendants' website for the purpose of reviewing and assessing the accessible features at the Commercial Property and ascertain whether they meet the requirements of 28 C.F.R. Section 36.302(e) and their accessibility needs. In each instance, at various points in the reservation process each website indicated that handicap or mobility accessible rooms were available.

35. In each instance the website provided insufficient information or misinformation regarding accessible features in the rooms or the hotel. Indeed, Plaintiff's rooms did not contain sufficient accommodations and, consequently, Plaintiff was not able to use the room.

36. In the near future, including as set forth above, Plaintiffs intend to revisit the Defendants' website and/or online reservations system in order to test them for compliance with

28 C.F.R. Section 36.302(e) and/or to utilize the website to reserve a guest room and otherwise avail himself of the goods, services, features, facilities, benefits, advantages, and accommodations of the Commercial Property.

37. Plaintiffs are continuously aware that the subject website remain non-compliant and that it would be a futile gesture to revisit the website as long as those violations exist unless they are willing to suffer additional discrimination.

38. The violations present at the Defendants' website infringe Plaintiffs' right to travel free of discrimination and deprive them of the information required to make meaningful choices for travel. Plaintiffs have suffered, and continue to suffer, frustration and humiliation as the result of the discriminatory conditions present at the Defendants' website. By continuing to operate the website with discriminatory conditions, Defendants contributes to Plaintiffs' sense of isolation and segregation and deprive Plaintiffs the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public. By encountering the discriminatory conditions at the Defendants' website and knowing that it would be a futile gesture to return to the website unless they are willing to endure additional discrimination, Plaintiffs are deprived of the same advantages, privileges, goods, services and benefits readily available to the general public. Defendants' online reservations system serves as a gateway to its hotel. Because this online reservations system discriminates against Plaintiffs, it is thereby more difficult to book a room at the hotel or make an informed decision as to whether the facilities at the hotel are accessible.

39. Plaintiffs have suffered and will continue to suffer direct and indirect injury as a result of the Defendants' discrimination until the Defendants are compelled to modify their website to comply with the requirements of the ADA and to continually monitor and ensure that the subject

website remains in compliance.

40. Plaintiffs have a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this website. Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendants.

41. Defendants have discriminated against the Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302(e). Furthermore, the Defendants continues to discriminate against the Plaintiffs, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

42. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief, including an order to require the Defendants to alter the subject website to make them readily accessible and useable to the Plaintiffs and all other persons with disabilities as defined by the ADA and 28 C.F.R. Section 36.302(e); or by closing the website until such time as the Defendants cure its' violations of the ADA.

43. Plaintiffs pray for judgment as set forth below.

**WHEREFORE**, the Plaintiffs respectfully request the Court:

a. Issue a Declaratory Judgment determining Defendants, at the commencement of

the subject lawsuit, were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and 28 C.F.R. Section 36.302(e);

b. Issue injunctive relief against the Defendants including an order to revise its website to comply with 28 C.F.R. Section 36.302(e) and to implement a policy to monitor and maintain the website to ensure that it remains in compliance with said requirement;

c. Grant an award of attorneys' fees, costs, and litigation expenses pursuant to 42 U.S.C. § 12205; and

d. Grant such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

**COUNT III VIOLATIONS OF NEW YORK STATE HUMAN RIGHTS LAW**

44. Plaintiffs adopt and re-allege the allegations set forth in paragraphs 1 through 20 above as though fully set forth herein.

45. Plaintiffs have a disability as defined by New York State Human Rights Law.

46. Defendants own, operate, or lease a public accommodation, within the meaning of New York State Human Rights Law § 292(9).

47. Defendants have not provided Plaintiff and others similarly situated with evenhanded treatment in violation of New York State Human Rights Law § 296.

48. Defendants' direct or indirect unevenhanded treatment of Plaintiffs and others similarly situated is demonstrated when he was segregated from all other customers.

49. Defendants have, because of Plaintiffs' disabilities, directly or indirectly, refused, withheld from or denied Plaintiffs any of the accommodations, advantages, facilities or privileges of its public accommodation.

50. Defendants have demonstrated that the patronage or custom thereat of Plaintiffs

and others similarly situated, is unwelcome, objectionable or not acceptable, desired or solicited.

51. Defendants and their agents discriminated against Plaintiffs in violation of New York State Human Rights Law § 296.

52. Defendants discriminated against Plaintiffs by creating, fostering, and otherwise failing to prevent or remedy the discrimination against Plaintiffs, in violation of New York State Human Rights Law § 296.

53. As a direct and proximate result of the disability discrimination perpetrated by Defendants in violation of the New York State Human Rights Law, Plaintiffs have suffered and continue to suffer physical and emotional distress and pain -- including but not limited to great levels of fear, anxiety, indignity, humiliation, loss of self-esteem and self-confidence.

**WHEREFORE**, Plaintiff requests the following relief from the Court:

a. Enter declaratory judgment specifying Defendants' conduct as alleged here has violated, and continues to violate, Title III of the ADA, New York State law, and its implementing regulations and declaring the rights of Plaintiffs and other persons similarly situated as to the policies, practices, procedures, facilities, goods and services offered by Defendants to the public.

b. Issue a permanent injunction 1) proscribing disability discrimination, 2) requiring Defendants to alter their public accommodation making such public accommodation readily accessible to and usable to individuals with disabilities, 3) adopt a policy and procedure to handle requests for reasonable accommodations; and 4) compelling Defendants to make all necessary modifications to Defendants' policies or practices so that Plaintiffs will not be subject to further discrimination, in accordance with New York State Human Rights Law and Title III of the ADA.

c. Pursuant to New York State Civil Rights Law § 40-c and 40-d, hold Defendants

liable for $500 for each and every violation.

d. Pursuant to New York State Civil Rights Law § 40-d, find Defendants guilty of a class A misdemeanor for violating New York State civil rights law.

e. The court retain jurisdiction over the Defendants until the court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur.

f. Award Plaintiff compensatory damages in the amount to be determined at trial for Defendants' violation of New York State Human Rights Law.

g. Award Plaintiffs punitive damages in the amount to be determined at trial for Defendants' violation of New York State Human Rights Law.

h. Find that Plaintiffs are a prevailing party in this litigation and award reasonable attorney fees, costs and expenses, and such other and further relief, at law or in equity, to which the Plaintiffs and other persons similarly situated may be justly entitled.

**COUNT IV – VIOLATION OF NEW YORK STATE CIVIL RIGHTS LAW**

54. Plaintiffs adopt and re-allege the allegations set forth in paragraphs 1 through 20 above as though fully set forth herein.

55. On the basis of Plaintiffs' disabilities, Defendants have violated their Civil Rights.

56. Consequently, Plaintiffs are entitled to recover the penalty prescribed by Civil Rights Law § 40-c and 40-d, in the amount of $500 for each and every violation.

57. Pursuant to NY Civil Rights law, Defendants are guilty of a class A misdemeanor.

58. Notice of the action has been served upon the Attorney-General as required by Civil Rights Law § 40-d.

**WHEREFORE**, Plaintiff requests the following relief from the Court:

a. Enter declaratory judgment specifying Defendants' conduct as alleged here has violated, and continues to violate, Title III of the ADA, New York State law, and its implementing regulations and declaring the rights of Plaintiffs and other persons similarly situated as to the policies, practices, procedures, facilities, goods and services offered by Defendants to the public.

b. Issue a permanent injunction 1) proscribing disability discrimination, 2) requiring Defendants to alter their public accommodation making such public accommodation readily accessible to and usable to individuals with disabilities, 3) adopt a policy and procedure to handle requests for reasonable accommodations; and 4) compelling Defendants to make all necessary modifications to Defendants' policies or practices so that Plaintiffs will not be subject to further discrimination, in accordance with New York State Human Rights Law and Title III of the ADA.

c. Pursuant to New York State Civil Rights Law § 40-c and 40-d, hold Defendants liable for $500 for each and every violation.

d. Pursuant to New York State Civil Rights Law § 40-d, find Defendants guilty of a class A misdemeanor for violating New York State civil rights law.

e. The court retain jurisdiction over the Defendants until the court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur.

f. Award Plaintiff compensatory damages in the amount to be determined at trial for Defendants' violation of New York State Human Rights Law.

g. Award Plaintiffs punitive damages in the amount to be determined at trial for Defendants' violation of New York State Human Rights Law.

h. Find that Plaintiffs are a prevailing party in this litigation and award reasonable attorney fees, costs and expenses, and such other and further relief, at law or in equity, to which

the Plaintiffs and other persons similarly situated may be justly entitled.

Dated: August 13th, 2026

Respectfully submitted,

By: *<u>/s/ Alexander J. Santana</u>*

Alexander J. Santana, ESQ.
NYND Bar Roll No. 706668
THE MINEO SALCEDO LAW FIRM, P.A.
Attorneys for Plaintiff
5600 Davie Road
Davie, FL 33314
T: (954) 463-8100 / F: (954) 463-8106
Service@mineolaw.com